73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Johnny FUGETT, Plaintiff-Appellant,
v.
Reginald WILKINSON, individually and in his official
capacity as Director of D.R.C.; Joe McNeil, individually
and in his official capacity as North Reg. Security
Administrator of D.R.C.; Jeffery Carson, individually and
in his official capacity as Asst. Chief Inspector of D.R.C.,
Defendants-Appellees.
 No. 95-3225.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 Before: NORRIS, SUHRHEINRICH and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio state prisoner moves for the appointment of counsel and appeals a district court judgment dismissing his civil rights complaint brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory relief, Johnny A. Fugett sued the Director of the Ohio Department of Rehabilitation and Correction (Reginald Wilkinson), the North Region Security Administrator of the Ohio Department of Rehabilitation and Correction (Joe McNeil), and the department's Chief Inspector (Jeffrey Carson), in their official and individual capacities. Fugett claimed that: 1) prison officials wrongfully withheld the May and June 1993 issues of "Outlaw Biker" magazine in violation of his rights under the First and Fourteenth Amendments; 2) prison officials referred to him as a "white supremacist" in violation of his rights under the Eighth Amendment; and 3) prison officials did not provide an appropriate administrative appellate process for his grievances in violation of his rights under the Due Process Clause of the Fourteenth Amendment.
 
 
 3
 Upon consideration of the defendants' motion for summary judgment and Fugett's response, the district court granted summary judgment in favor of the defendants and denied Fugett's interim motion for injunctive relief. In his timely appeal, Fugett reasserts the claims he set forth in the district court.
 
 
 4
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the district court's opinion and order dated January 30, 1995.
 
 
 6
 Accordingly, the motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation